### *In re* NEW YORK EL. R. CO.

### *In re* CLARKSON *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

EMINENT DOMAIN—PROCEEDINGS—POWER OF LESSEE CORPORATION.

Under Laws 1867, c. 254, providing that any railway corporation being the lessee of the road of any other railway corporation may take a surrender or transfer of the stock of the lessor company, and that, on the filing of a certificate thereof, the property and franchises of the company so transferring shall vest in the corporation to which such transfer is made, the company so transferring does not lose its corporate existence, nor its right to continue, or to authorize its transferee to continue, proceedings to acquire title to real estate by condemnation; and under Code Civil Proc. §§ 755, 756, providing that an action shall not abate, if the cause of action continues, and that, in case of a transfer of interest, the action may be continued by the original party, and section 3347, subd. 6, making these provisions applicable to special proceedings, such transferring company may continue the condemnation proceedings.

Appeal from special term, New York county.

Petition of the New York Elevated Railroad Company to acquire title to certain real estate in the city of New York. William N. Cole and others, owners of real estate sought to be acquired, appeal from an order appointing commissioners of appraisal. Affirmed. For former reports, see 7 N. Y. Supp. 707; 12 N. Y. Supp. 506; 15 N. Y. Supp. 909.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Cannon & Atwater,* (*H. G. Atwater* and *Edward A. Hibbard,* of counsel,) for appellants. *Davies & Rapallo,* (*Julien T. Davies* and *Theodore F. C. Demarest,* of counsel,) for respondent.

LAWRENCE, J, This is an appeal from an order appointing commissioners to ascertain and appraise the compensation to be made to the owners of, or persons interested in, certain property, easements, or other interests taken by the petitioner for the purposes of its incorporation. It appears that these proceedings were commenced by the New York Elevated Railroad Company, to acquire title to certain property mentioned in the petition, being certain easements appurtenant to premises abutting on the street through which the railroad ran. The original petition was dated September 17, 1889, and was presented to the special term on October 21, 1889, and testimony was taken upon this application, but, before any order was made, the petitioner applied for leave to amend its petition, which was granted April 22, 1890. The appellants, in answer to the amended petition, alleged that the petitioner has lost its right to institute condemnation proceedings by reason of the fact that it had been merged and consolidated, on the 3d of February, 1890, with the Manhattan Railway Company.

It further appears that, by proceedings under chapter 254, Laws 1867, the capital stock of the petitioner, the New York Elevated Railroad Company, had been surrendered or transferred to the Manhattan Railway Company, and that a certificate to that effect had, on that date, in accordance with the statute, been filed in the office of the secretary of state. As already stated, the appellants claimed that thereby the petitioner has lost all right to carry on these proceedings. It is claimed that that result follows from the provisions of the act of 1867 above referred to, and that thereby the petitioner, in effect, ceased to be a corporation, and lost all legal existence. The act of 1867 is entitled "An act in relation to railroads held under lease." The first section is as follows: "Any railroad corporation created by the laws of this state, or its successors, now being the lessee of the road of any other railroad corporation, may take a surrender or transfer of the capital stock of the stockholders, or any of them, in the corporation whose road is held under lease, and issue in exchange therefor the like additional amount of its own capital stock at par, or on such other terms and conditions as may be agreed upon between the two corporations; and whenever the greater part of the capital stock of any such corporation shall have been so surrendered or transferred, the directors of the corporation taking such surrender or transfer shall thereafter, on a resolution electing so to do, to be entered on their minutes, become *ex officio* the directors of the corporation whose road is so held under lease, and shall manage and conduct the affairs thereof, as provided by law; and whenever the whole of the said capital stock shall have been so surrendered or transferred, and a certificate thereof filed in the office of the secretary of state, under the common seal of the corporation to whom such surrender or transfer shall have been made, the estate, property, rights, privileges, and franchises of the said corporation whose stock shall have been so surrendered or transferred shall thereupon vest in and be held and enjoyed by the said corporation to whom such surrender or transfer shall have been made, as fully and entirely, and without charge or diminution, as the same were before held and enjoyed, and be managed and controlled by the board of directors of the said corporation to whom such surrender or transfer of the said stock shall have been made,

and in the corporate name of such corporation. The rights of any stockholder not so surrendering or transferring his stock shall not be in any way affected hereby, nor shall existing liabilities, or the rights of creditors of the corporation, where stock shall have been so surrendered or transferred, be in any way affected or impaired by this act."

We think that, under this section, notwithstanding the transfer of the capital stock of the lessor to the lessee corporation, the former does not cease to have a corporate existence. There can be no such thing as a lease without there are two parties to it, to-wit, a lessor and a lessee, and it seems to us absurd to speak of a railroad being held under a lease, if the corporation to which that railroad belongs has been entirely wiped out of existence. Furthermore, an examination of the language of the first section of the act of 1867 satisfies us that the legislature did not intend that the effect of that act should be to entirely abrogate the existence of the lessor corporation. The language is that the surrender or transfer of the capital stock in the corporation whose road is held under lease, and for which the capital stock of the lessee corporation is to be exchanged, may be made at par, or on such other terms as may be agreed upon between the two corporations. This section recognizes the existence of two corporations. Then comes the provision that, whenever the greater part of the capital stock of any such corporation shall have been so surrendered, etc., the directors of the corporation taking such surrender, etc., shall thereafter, on a resolution electing so to do, etc., become *ex officio* directors of the corporation whose road is so held under lease, and shall manage and conduct the affairs thereof, as provided by law. Still the statute recognizes the lessor corporation as in existence.

Reading further on, we find it provided that, whenever the capital stock shall have been so surrendered, etc., or a certificate thereof filed in the office of the secretary of state, etc., under the common seal of the corporation to whom such surrender, etc., shall have been made, the estate, property, rights, privileges, and franchises of such corporation whose stock shall have been so surrendered, etc., shall thereupon be held and enjoyed by such corporation to whom such surrender has been made, as fully and entirely, and without charge or diminution, as the same were before held and enjoyed, and be managed and controlled by the board of directors of the said corporation to whom such surrender or transfer of said stock shall have been made, and in the corporate name of such corporation. It is further provided that "the rights of a stockholder not so surrendering or transferring his stock shall not be in way affected hereby, nor shall existing liabilities or rights of creditors of the corporation whose stock shall have been so surrendered or transferred be in any way affected or impaired by this act." We think a fair and proper construction of this language is that while the lessee corporation is to manage and operate the railroad of the lessor corporation, the latter shall not lose its corporate existence. The very fact that the rights of any stockholder who has not surrendered his stock in the latter corporation are not to be affected, indicates that the legislature recognized the existence of the lessor corporation, notwithstanding such transfer.

The case of *Railroad Co.* v. *Commissioners,* 112 U. S. 609, 5 Sup. Ct. Rep. 299, we think is in point in this case. It was there held that a franchise to be a corporation is distinct from a franchise as a corporation to maintain and operate a railroad; that the latter may be mortgaged without the former, and may pass to a purchaser at a foreclosure sale. In that case, MATTHEWS, J., delivering the opinion of the court, says: "The essential properties of corporate existence are quite distinct from the franchises of the corporation. The franchise of being a corporation belongs to the corporators, while the powers and privileges vested in and to be exercised by the corporate body, as such, are the franchises of the corporation." If we are right in our construction of the act of 1867, we are of the opinion that, by the proceedings taken

thereunder, the petitioner did not lose its right to continue a proceeding commenced for condemnation of property before the transfer took place, or to authorize the Manhattan Railway Company to continue those proceedings in its name. Section 755, Code Civil Proc., provides that an action does not abate by any event if the cause of action survives or continues; and by subdivision 6 of section 3347 of that Code, that section is made applicable to special proceedings, as well as to actions. The right to condemn the property in question, therefore, has not abated or been lost by the lease made to the Manhattan Railway Company. Section 756, Code Civil Proc., provides that, in case of a transfer of interest or an evolution of liability, the action may be continued by or against the original party. This section is also made applicable to special proceedings by subdivision 6, § 3347, Code Civil Proc. We are therefore of the opinion that the decision below was right, and that the order should be affirmed, with costs and disbursements.